[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14775
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 20, 2010
JOHN LEY
CLERK

D. C. Docket No. 99-00558-CR-JEC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HERNAN RODRIGUEZ-GARCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 20, 2010)

Before MARCUS, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Hernan Rodriguez-Garcia appeals his 36-month sentence imposed upon revocation of his supervised release pursuant to 18 U.S.C. § 3583(e)(3). On appeal, he argues that his sentence, which is one year longer than the recommended

sentence at the top-end of the applicable advisory guidelines range, is substantively unreasonable under the 18 U.S.C. § 3553(a) sentencing factors. After thorough review, we affirm.

We review the district court's ultimate sentence imposed upon revocation of supervised release for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006). We review the reasonableness of a sentence under a deferential abuse-of-discretion standard, whether the sentence falls "inside, just outside, or significantly outside" the applicable advisory guidelines range. Gall v. United States, 552 U.S. 38, 41 (2007). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

"In reviewing the reasonableness of a sentence outside the Guidelines range, appellate courts may [ ] take the degree of variance into account and consider the extent of a deviation from the Guidelines." Gall, 552 U.S. at 47. Generally, "a major departure[, i.e., variance,] should be supported by a more significant justification than a minor one." Id. at 50. Nevertheless, no "presumption of unreasonableness" attaches to a sentence outside the guidelines range. Id. at 47.

Moreover, "[b]ecause of its institutional advantage in making sentence determinations, a district court has considerable discretion in deciding whether the

2

§ 3553(a) factors justify a variance and the extent of one that is appropriate."

United States v. Shaw, 560 F.3d 1230, 1238 (11th Cir.) (quotations and citation

omitted), cert. denied, 129 S.Ct. 2847 (2009).  Stated differently,

> [w]e may vacate a sentence because of the variance only if we are left
> with the definite and firm conviction that the district court committed
> a clear error of judgment in weighing the § 3553(a) factors by arriving
> at a sentence that lies outside the range of reasonable sentences
> dictated by the facts of the case.

Id. (quotation omitted).

With regard to revocation, under 18 U.S.C. § 3583(e)(3), after considering

the factors in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and

(a)(7), the district court may revoke a term of supervised release and impose a

sentence of imprisonment if it "finds by a preponderance of the evidence that the

defendant violated a condition of supervised release."  Those § 3553(a) factors

include: (1) the nature and circumstances of the offense and the history and

characteristics of the defendant; (2) the need for deterrence; (3) the need to protect

the public; (4) the need to provide the defendant with needed educational or

vocational training or medical care; (5) the advisory guidelines range; (6) the

applicable guidelines or policy statements issued by the Sentencing Commission;

(7) the need to avoid unwanted sentencing disparities; and (8) the need to provide

restitution to victims.  See 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D),

3

(a)(4)(A), (a)(4)(B), (a)(5); (a)(6), and (a)(7). In addition, a sentence must be "sufficient, but not greater than necessary, to comply with the purposes set forth in [§ 3553(a)(2)]." Id. § 3553(a).

On the record here, Rodriguez-Garcia has not satisfied his burden of establishing the substantive unreasonableness of his above-guidelines-range sentence. To begin with, the district court here justified its imposition of an upward variance by emphasizing Rodriguez-Garcia's extensive criminal history, the nature of his original offense and the offenses underlying the instant violations, the possibility that he would not be punished for the substantive offense of illegal re-entry that constituted one of his violations, and the fact that he had abused the court's previous leniency toward him. This explanation by the court touched upon several of the § 3553(a) factors, including those contained in § 3553(a)(1), (a)(2)(B), and (a)(2)(C).

Moreover, the district court varied upward from the top-end of the guidelines range by only one year. As a result, the upward variance was not a major variance requiring a significant justification, especially given that Rodriguez-Garcia had received a ten-year sentence for one of the substantive offenses underlying his violations, and given that the other substantive offense, for which he had not been punished, carried a statutory maximum of ten years'

4

imprisonment.  See Gall, 552 U.S. at 47, 50; 8 U.S.C. § 1326(a), (b)(1) (authorizing a maximum term of imprisonment of ten years for illegal re-entry into the United States by an alien previously deported as a non-aggravated felon).

Further, none of Rodriguez-Garcia's specific arguments on appeal regarding the substantive unreasonableness of his sentence have merit.  First, quantifying the district court's upward variance as a certain percentage of the various points in the guidelines range is unhelpful since the guidelines range of 18 to 24 months' imprisonment was relatively low compared to the seriousness of the substantive offenses underlying his violations.  Gall, 552 U.S. at 48.

Second, the fact that Rodriguez-Garcia already had been punished in state court for the substantive offense underlying one of his violations did not warrant a lighter sentence because his revocation sentence was not imposed as punishment for his state crime, but rather because he violated the conditions of his supervised release.  See United States v. Woods, 127 F.3d 990, 991-92 (11th Cir. 1997) (holding -- where the defendant argued he was placed in double jeopardy since the same conduct formed the basis both for his conviction and the revocation of his probation -- that "[a] parole revocation proceeding is . . . designed to determine whether a parolee has violated the conditions of his parole, not a proceeding designed to punish a criminal defendant for violation of a criminal law").

5

Moreover, Rodriguez-Garcia's argument cuts both ways because he had not been punished for the substantive offense underlying his other violation.

Third, Rodriguez-Garcia's criminal history category did not account for his numerous arrests or the illegal re-entry that was the basis for one of his violations. U.S.S.G. § 4A1.1 (assigning criminal history points only for prior convictions). Fourth, neither the conditions of a defendant's pretrial confinement nor the government's recommendation as to what sentence the defendant should receive are sentencing factors under 18 U.S.C. § 3553(a). Fifth, nothing compelled the district court to credit the fact that Rodriguez-Garcia had admitted his guilt, was remorseful, and pledged not to return to the United States illegally in the future, especially given that this was not the first time the court had sentenced him. Sixth, the district court did note that he had earned the reduced sentence that he received for his original conviction. Finally, the district court did not state that he had illegally re-entered the United States on more than one occasion, but rather emphasized the need for deterrence given his continuing history of illegal conduct.

Because none of Rodriguez-Garcia's arguments on appeal have merit, he has not shown that his sentence was substantively unreasonable.

**AFFIRMED**.