[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12294
Non-Argument Calendar
_____

D.C. Docket No. 1:04-cr-00289-ODE-ECS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHASE AMON MANNING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 17, 2014)

Before WILSON, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Chase Amon Manning appeals the district court's revocation of his supervised release following his conviction and sentencing for making false statements to federal gun dealers, in violation of 18 U.S.C. § 924(a)(1)(A).[1] The district court found that Mr. Manning violated the terms of his supervised release by (1) committing second-degree criminal damage to property he was leasing on June 9 and 11, 2012, and failing to report his corresponding arrest (on October 18, 2012) to his probation officer, and (2) committing second degree criminal damage to a car on January 3, 2013.

## I.

Mr. Manning challenges the revocation of his supervised release on several grounds: (1) the district court relied on improper, speculative bases in concluding that he was not credible; (2) the government did not show by a preponderance of the evidence that he had damaged property; (3) the district court improperly admitted hearsay evidence; (4) the district court did not sufficiently explain its reasons for revoking his supervised release; and (5) the district court deprived him of his constitutional rights to a jury trial and not to face double jeopardy by

---

[1] In March 2008, Mr. Manning was sentenced to 60 months' imprisonment with a 3-year term of supervised release. His conditions of supervised release included a requirement that he refrain from committing another federal, state, or local crime. He was also required to notify his probation officer of any arrest or police questioning within 72 hours of such incident. In March of 2013, the probation office filed a petition stating that Manning was released from imprisonment on August 30, 2010, and alleging that he had violated the terms of his supervise release.

refusing to continue the revocation hearing pending resolution of his underlying criminal charges.

After carefully considering the parties' briefs and the relevant portions of the record, we affirm.

## A.

We review findings of fact under the clearly erroneous standard. *United States v. Almand*, 992 F.2d 316, 318 (11th Cir. 1993). We generally do not disturb a district court's credibility determination unless it is "so inconsistent or improbable on its face that no reasonable factfinder could accept it." *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2003).

Mr. Manning's testimony was in direct conflict with other evidence offered at the hearing. The evidence presented by the government showed that the building Mr. Manning subleased was vandalized hours after Mr. Manning moved out; that there was no sign of a break-in; that the security alarm was armed when the sublessor, Jeffrey Stewart, arrived to survey the damage; that Mr. Manning had access to a key and the alarm system; and that Mr. Manning had a motive to damage the building because Mr. Stewart had refused to renew his lease. The evidence further showed that Mr. Manning vengefully scratched Mr. Stewart's car with a key immediately after a hearing in which Mr. Stewart obtaiined a $2,000 monetary award against Mr. Manning. Mr. Stewart testified that after the hearing

he saw Mr. Manning standing by his car smirking and holding keys. Police investigator Amy Hall's testimony corroborated this story.

The district court's conclusion that Mr. Manning was not credible is thus not "so inconsistent or improbable on its face that no reasonable factfinder could accept it." *See Ramirez-Chilel*, 289 F.3d at 749. Although the court did mention Mr. Manning's prior convictions, it acknowledged that "some of these convictions are a good bit in the past and [Mr. Manning] ha[s] become a contributing member of the community." The district court found Mr. Manning's demeanor at the hearing to be "very defensive" and "angry." D.E. 97 at 152. The court ultimately based its credibility determination on its belief that "these transactions with Mr. Stewart were motivated by Mr. Manning's feeling of anger and feeling he had been denied by Mr. Stewart." D.E. 97 at 153. Because the evidence supports this conclusion, we will not disturb it under the clearly erroneous standard.

**B.**

We review a district court's revocation of supervised release for an abuse of discretion. *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008). Under 18 U.S.C. § 3583(e)(3), a district court may revoke a term of supervised release if the government shows by a preponderance of the evidence that a defendant has violated a condition of supervised release, and may impose a term of imprisonment after considering certain factors. *United States v. Sweeting*,

4

437 F.3d 1105, 1107 (11th Cir. 2006). A preponderance of the evidence simply requires the factfinder to believe that the existence of the fact is more probable than its nonexistence. *United States v. Trainor*, 376 F.3d 1325, 1331 (11th Cir. 2004). When a defendant challenges the sufficiency of the evidence, his own testimony, if disbelieved by the factfinder, may generally be considered as substantive evidence of his guilt. *United States v. Farley*, 607 F.3d 1294, 1335 (11th Cir. 2010).

The evidence discussed above shows that Mr. Manning had a motive and an opportunity to cause the damage to Mr. Stewart's leasehold property and car. From this evidence, the district court could reasonably conclude that it was more probable than not that Mr. Manning committed these offenses. *See Trainor*, 376 F.3d at 1331. Additionally, the district court's adverse credibility finding weighs heavily against Mr. Manning. *See United States v. Jiminez*, 564 F.3d 1280, 1285 (11th Cir. 2009). Thus, the district court did not abuse its discretion in revoking Mr. Manning's supervised release.

## III.

We review conclusions of law *de novo*. *United States v. Frazier*, 26 F.3d 110, 112 (11th Cir. 1994). A defendant facing possible revocation of supervised release is entitled to some, but not all, of the procedural protections afforded a defendant in a criminal proceeding. *United States v. Copeland*, 20 F.3d 412, 414

5

(11th Cir. 1994).  We have held that the Federal Rules of Evidence do not apply in revocation of supervised release proceedings.  *Frazier*, 26 F.3d at 114.  Nevertheless, defendants are entitled to certain minimal due process requirements, and the admissibility of hearsay is not automatic.  *Id.*  In deciding whether or not to admit hearsay, the district court must balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation.  *Id.*  Failure to conduct this balancing test constitutes a violation of due process.  *Id.*

Once it is established that the admission of hearsay violated due process, the defendant bears the burden of showing that the court explicitly relied on the hearsay in revoking his supervised release.  *United States v. Taylor*, 931 F.2d 842, 847 (11th Cir. 1991).[2]  The defendant must show: (1) that the challenged hearsay is materially false or unreliable; and (2) that the challenged hearsay served as the basis for the revocation or sentence.  *Id.*

Here, the district court erred in admitting the hearsay statements of Frederick Wright.  Both police investigator Amy Hall and Mr. Stewart related out-of-court statements by Mr. Wright.  Mr. Wright had told them that, while waiting in the parking lot for his brother to leave the bank, he witnessed Mr. Manning

---

[2] Although *Taylor* addresses a revocation of parole scenario, we have held that the same procedural protections apply to revocation of parole and revocation of supervised release. *See Frazier*, 26 F.3d at 114.

scratch Mr. Stewart's car.  The district court overruled defense counsel's hearsay objection to this testimony without explanation.  The court thus failed to conduct the balancing that *Frazier* mandates.  *See* 26 F.3d at 114.

Nonetheless, Mr. Manning has failed to show that the hearsay testimony was "materially false or unreliable."  *See Taylor*, 931 F.2d at 847.  Mr. Wright's statements were consistent with the timing of the incident and with Mr. Stewart's own testimony.  Mr. Wright identified Mr. Manning without hesitation at a photographic line-up.  Mr. Manning gives no reason why Mr. Wright's statements are unreliable or untruthful.  As a result, Mr. Manning has failed to meet his burden in showing the district court committed reversible error in admitting the hearsay statements.[3]

## IV.

One of the procedural protections afforded to defendants at a revocation hearing is a written statement by the district court as to the evidence it relied upon and the reasons for revoking the supervised release.  *Copeland*, 20 F.3d at 414.  In *Copeland*, we held that the district court had satisfied the requisite specificity by

---

[3] Mr. Manning also argues, for the first time on appeal, that the admission of this hearsay violated his constitutional rights under the Confrontation Clause of the Sixth Amendment.  We reject this argument under plain error review because the Confrontation Clause guarantees the right to confront adverse witnesses only in "criminal prosecutions."  The Supreme Court has held that a parole revocation hearing is not part of a "criminal prosecution."  *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972), and we have explained that there is "no significant conceptual difference between the revocation of probation or parole and the revocation of supervised release."  *Frazier*, 26 F.3d at 113-14.

setting forth the witness testimony it relied upon, its reasoning for crediting a witness, and its justification for revoking the supervised release. *Id.* at 415. We further held that the district court can set forth this reasoning orally so long as it is recorded and can be transcribed. *Id.*

Here, the district court made specific findings with regard to the credibility of the key witnesses and the sufficiency of the evidence regarding the alleged offenses. *See Copeland*, 20 F.3d at 415. The court noted on the record that its primary reason for revoking supervised release is that "I credit Mr. Stewart's testimony and I don't credit Mr. Manning's testimony." D.E. 97-151. The court went on to enumerate "various bits of evidence" pertaining to each incident that induced the court to find the government's version of events more compelling. Accordingly, there was no error, plain or otherwise, with regard to the court's explanation of its decision to revoke Mr. Manning's supervised release.

**E.**

We review the district court's denial of a motion for a continuance for an abuse of discretion. *United States v. Valladares*, 544 F.3d 1257, 1261 (11th Cir. 2008). The denial of a continuance must be upheld unless the defendant can show an abuse of discretion and specific, substantial prejudice. *United States v. Gossett*, 877 F.2d 901, 906 (11th Cir. 1993). To make such a showing, the defendant must

8

identify something in the record that would indicate the possibility of a different outcome if the continuance had been granted. *Id.*

We have stated that the revocation of supervised release for commission of a subsequent criminal offense does not constitute punishment for that criminal offense for purposes of double jeopardy. *United States v. Woods*, 127 F.3d 990, 992 (11th Cir. 1997). A defendant is not entitled to a jury trial or to the beyond-a-reasonable-doubt standard at his revocation hearing. *United States v. Cunningham*, 607 F.3d 1264, 1268 (11th Cir. 2010).

Mr. Manning has failed to identify anything in the record that would indicate the possibility of a different outcome had the continuance been granted. *See Gossett*, 877 F.2d at 906. Contrary to Mr. Manning's assertions, there is no double jeopardy issue because the revocation of his supervised release did not constitute punishment for his underlying criminal offenses. *See Woods*, 127 F.3d at 992. Our precedent also makes clear that a defendant is not entitled to a jury trial for the revocation of supervised release. *See Cunningham*, 607 F.3d at 1268. Thus, Mr. Manning has failed to show that the district court's denial of his motion for a continuance violated any of his constitutional rights or caused him any prejudice.

## II.

The revocation of Mr. Manning's supervised release is affirmed.

**AFFIRMED.**

9