[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11837
Non-Argument Calendar
_____

D.C. Docket No. 1:87-cr-00487-PAS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO R. SOSA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 9, 2016)

Before MARTIN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Roberto Sosa appeals the 35-month sentence of imprisonment he received upon the revocation of his supervised release, 18 U.S.C. § 3583(e).  On appeal, he contends that his sentence, which included an upward variance from the advisory guideline range of 12-to-18 months' imprisonment, is substantively unreasonable.  After a thorough review of the record, we affirm.

## I.

This case arises out of Sosa's convictions of two federal cocaine-trafficking offenses in 1987.  In January 1988, Sosa was sentenced to ten years of imprisonment followed by four years of supervised release.  Sosa completed his term of imprisonment and began supervised release on August 31, 1997.[1]  In January 1998, Sosa was arrested and charged with seven counts of sexual battery on a child under twelve years old.  He ultimately pled guilty to these charges in state court and was sentenced to twenty years of imprisonment, to be followed by fifteen years of probation.

Based on the January 1998 charges, a federal probation officer in February 1998 filed a petition to issue a warrant for Sosa's arrest, alleging that his supervised release should be revoked for his failure to refrain from violation of the

---

[1] At the supervised-release revocation hearing, Sosa maintained that he had been released at some point in 1994.  Even assuming that is correct, Sosa does not contend that he had finished his term of supervised release when he committed the criminal acts at issue.  Therefore, the timing of Sosa's release did not affect the district court's authority to revoke his supervised release and to sentence him up to the three-year maximum term of imprisonment.  *See* 18 U.S.C. § 3583(e)(3).  Nor does the record reflect that the district court based its sentencing decision on when Sosa committed the criminal acts in violation of his supervised release.

law.  According to the petition, Sosa had committed the sex acts on the eight-year old daughter of his girlfriend.  The district court ordered the issuance of a warrant, but Sosa was not transferred to federal custody until he had completed his state sentence in 2015.  Sosa served seventeen years of his twenty-year state sentence.

Before the supervised-release revocation hearing, a probation officer prepared a report and recommendation calculating the guideline range at 12-to-18 months' imprisonment, based on a Grade A violation and a criminal history category of I.  *See* United States Sentencing Guidelines Manual ("U.S.S.G.") § 7B1.4(a).  The statutory maximum term of imprisonment that could be imposed upon revocation was three years.  18 U.S.C. § 3583(e)(3).

At the revocation hearing, Sosa personally admitted violating the terms of his release and expressed remorse for his conduct.  The government requested the maximum three-year sentence based largely on the egregious nature of Sosa's conduct.  Sosa's counsel contended that a maximum sentence would be excessive because Sosa had already served seventeen years of imprisonment and faced numerous other state restrictions, including having to register as a sex offender and having to serve fifteen years of probation.

Ultimately, the district court revoked Sosa's supervised release and imposed a sentence of 35 months of imprisonment, with no supervised release to follow. The court found that a sentence within the guideline range was inadequate because

of the "violent nature of the violation, the abuse of trust, and the vulnerability of the victim."[2]  The court noted that Sosa had served ten years of imprisonment on the federal drug offenses but concluded that he did not "learn his lesson as to his responsibilities for respecting the law and respecting the personhood of other individuals."  In the court's view, Sosa, as a 43-year-old man upon his release from federal custody on the drug offenses, "had a responsibility to protect the more vulnerable members of our community."  But instead of contributing to the community, the court stated, Sosa "focus[ed] on [his] own personal gratification." What's more, the court explained, Sosa took advantage of a vulnerable child and affected the child's ability to have normal trusting relationships for the rest of the child's life.  The court stated that, because it ultimately was responsible for Sosa's conduct while he was on supervised released, the sentence needed to recognize the seriousness of Sosa's violative conduct.  Sosa now appeals.

## II.

Sosa argues that his sentence was substantively unreasonable because the district court failed to take into account that he had been severely punished by the state for the same conduct at issue in the supervised-release proceeding.  He also asserts that the court improperly relied on the timing of the violation in relation to

---

[2] Although the court referred to its sentence above the guideline range as a "departure," it appears that the court meant it to be an upward variance that was based on the § 3553(a) sentencing factors and not on a Guideline provision. *See Irizarry v. United States*, 553 U.S. 708, 714, 128 S. Ct. 2198, 2202 (2008) (comparing § 3553 variances and Guidelines departures). Both parties on appeal treat the court's sentence as a § 3553(a) upward variance.

his release from federal custody and on the government's position that Sosa's state sentence was insufficient punishment for the underlying conduct.

Upon finding that a defendant has violated a condition of supervised release, a district court may—and sometimes must—revoke the term of supervised release and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a). *United States v. Sweeting*, 437 F.3d 1105, 1107 (11th Cir. 2006); *see* 18 U.S.C. § 3583(e), (g); U.S.S.G. § 7B1.3. We review for reasonableness the sentence imposed by the district court upon the revocation of supervised release. *United States v. Vandergrift*, 754 F.3d 1303, 1308 (11th Cir. 2014). Our reasonableness review applies the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 46, 128 S. Ct. 586, 591, 594 (2007). We first examine whether the district court committed any significant procedural error and then whether the sentence is substantively unreasonable in light of the § 3553(a) factors and the totality of the circumstances. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008). The party challenging the sentence has the burden to show it is unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

If the district court decides to impose an upward variance, "it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *United States v. Williams*, 526

5

F.3d 1312, 1322 (11th Cir. 2008) (internal quotation marks omitted); *see United States v. Silva*, 443 F.3d 795, 799 (11th Cir. 2006) (holding that the policy statements of Chapter 7, which provide the recommended ranges of imprisonment applicable upon revocation, are "merely advisory and not binding"). We will vacate a sentence "only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009) (internal quotation marks omitted).

Before imposing a sentence upon revocation of supervised release, the court must first consider "section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," considerations that include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence, protect the public, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; (3) the applicable guideline range and any pertinent policy statements issued by the Sentencing Commission; and (4) the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3583(e); *cf. Vandergrift*, 754 F.3d at 1308 (noting a circuit split as to whether district court may consider the goal of retribution, 18 U.S.C. § 3553(a)(2)(A), in a revocation

proceeding).  We generally leave to the district court's discretion the weight to be given any particular § 3553(a) factor.  *Williams*, 526 F.3d at 1322.

Here, Sosa has not met his burden to show that the 35-month sentence of imprisonment, which constituted an upward variance from the recommended range of 12 to 18 months, was substantively unreasonable.[3]

First, Sosa's contention that the district court should have taken into account his severe state sentence when sentencing him for a violation of his supervised release based on the same conduct is off the mark.  "A [supervised-release] revocation proceeding is . . . designed to determine whether a [releasee] has violated the conditions of his [supervised release], not a proceeding designed to punish a criminal defendant for violation of a criminal law."  *See United States v. Woods*, 127 F.3d 990, 991-92 & n.1 (11th Cir. 1997) (addressing parole, but noting that, in this respect, "there is no substantive distinction between revocation of probation and supervised release").  The primary goal in sentencing a defendant upon revocation of supervised release is to sanction "the defendant's breach of trust," not the particular conduct triggering the violation.  U.S.S.G. Ch. 7, Pt. A, intro. cmt. 3(b).  For that reason, "the sanction for the violation of trust should be

---

[3] In his briefing, Sosa consistently refers to the guideline range as 6 to 12 months, but he does not explain the basis for that range or even assert that the probation officer erred in calculating a guideline range of 12 to 18 months of imprisonment.  As a result, we consider any contention that the guideline range was not properly calculated to be abandoned.  *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (explaining that "a party seeking to raise a claim or issue on appeal must plainly and prominently so indicate" or we will consider the issue abandoned).

in addition, or consecutive, to any sentence imposed for the new conduct." *Id.* Therefore, the fact that Sosa already had been punished in state court for the substantive offense underlying his violation did not, in and of itself, warrant a lighter sentence because the sentence imposed upon revocation is a distinct sanction.

Second, the district court did not base its sentencing decision on the disputed length of time between Sosa's release and the sexual-battery offenses. Although the government initially relied upon that factor in arguing for the maximum term of imprisonment, the district court expressly directed the government not to argue that point, noting that the date of Sosa's release was disputed. In addition, the court did not reference the timing of the violation when imposing sentence.

Finally, we disagree with Sosa to the extent that he argues that the district court's sentence was intended to punish Sosa additionally for the state offenses. To be sure, some of the government's statements indicate its belief that Sosa's state sentence was insufficient punishment for the severity of his child sex crimes. Yet the government also represented that Sosa's state-court sentence "has no bearing on this proceeding," which was solely about Sosa's breach of the court's trust.

In any case, notwithstanding the government's position, we understand the district court's explanation of its sentence as primarily based on Sosa's breach of

8

the court's trust.  The court explained that Sosa had been released from federal custody after a lengthy prison term for the drug offenses, but instead of using his freedom to become a productive member of society, he focused on his own gratification and abused a vulnerable child.  And "because . . . this court was responsible for your conduct," the court stated, it "need[ed] to recognize the seriousness of that conduct."

We conclude that the district court appropriately considered "the nature of the conduct leading to the revocation" when "measuring the extent of the breach of trust."  U.S.S.G. Ch. 7, Pt. A, intro. cmt. 3(b); *see also id.* ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.").  It is not unreasonable for a more serious violation of the court's trust to be met with a more severe sentence.  *Cf. id.,* intro. cmt. 3(b) & (4) (explaining that violations of supervised release are categorized into three "broad classifications" based on the seriousness of the violative conduct, but noting that the guidelines make no attempt to distinguish in detail the severity of behavior that can lead to revocation).  And we have recognized that "child sex crimes are among the most egregious and despicable of societal and criminal offenses."  *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009).  Under the circumstances, we cannot say that the court abused its discretion by imposing a

sentence outside the range of reasonable sentences based on the facts of this case. *Shaw*, 560 F.3d at 1238.

For these reasons, Sosa has not shown that his 35-month sentence is substantively unreasonable.  Therefore, we affirm.

**AFFIRMED.**