United States Court of Appeals,

Eleventh Circuit

No. 96-6545

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Gregory L. WOODS, Defendant-Appellant.

Nov. 6, 1997.

Appeal from the United States District Court for the Middle District of Alabama. (No. CR-96-9-S), Robert E. Varner, Judge.

Before TJOFLAT, COX and BIRCH, Circuit Judges.

PER CURIAM:

Gregory Woods was charged by a federal grand jury in a one-count indictment with robbery pursuant to 18 U.S.C. §§ 2111 and 2. At the time of the robbery, Woods was serving a term of probation for an unrelated offense. Woods subsequently pled guilty to violating the terms of his probation by committing the robbery. As a result of his probation violation, Woods' probation was revoked and he was sentenced to a term of six months' imprisonment. Woods moved to dismiss the robbery indictment on double jeopardy grounds and the motion was denied. Thereafter, Woods entered a guilty plea for the robbery offense. On appeal, Woods renews his double jeopardy challenge to his robbery conviction. In addition, Woods contends that the district court erred in enhancing his sentence based on a finding that a weapon was used in the commission of the robbery. For the reasons that follow, we affirm both the conviction and sentence.

DISCUSSION

The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const., Amdt. 5. This protection applies both to successive punishments and to successive prosecutions for the same offense. *Witte v. United States,* 515 U.S. 389, 390-92, 115 S.Ct. 2199, 2202, 132 L.Ed.2d 351 (1995).

Woods submits that, because the commission of a robbery formed the basis of the revocation of his probation, his subsequent conviction for the substantive robbery offense placed him in double jeopardy. In support of this contention, Woods relies primarily on the Supreme Court's decision in *United States v. Dixon,* 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). In *Dixon,* the defendant had been arrested for murder and was released on bond. While awaiting trial on the murder charge, Dixon was arrested and indicted for possession with intent to distribute cocaine. Following an expedited hearing, Dixon was found guilty of criminal contempt for violating the terms of his bond release and sentenced to a term of imprisonment. Reasoning that "criminal contempt, at least in its nonsummary form, is a crime in every fundamental respect," 509 U.S. at 699-700, 113 S.Ct. at 2858 (internal quotation omitted), the Supreme Court found that a subsequent prosecution for the drug offense was barred by the Double Jeopardy Clause.

Woods suggests that the same reasoning underlying the Court's decision in *Dixon* directs the conclusion that the revocation of his probation for committing a criminal offense prohibits a subsequent indictment and conviction for the commission of that conduct. Consistent with every other circuit that has addressed this issue, however, we find that *Dixon* does not mandate such a result.

A term of parole replaces a portion of a sentence of imprisonment; it is a part of the original sentence. *See* U.S. Sentencing Guidelines Manual, Ch. 7, Pt. A, 2(b) [hereinafter U.S.S.G.]. The Sentencing Commission specifically has noted that "the sanction imposed upon revocation [of probation] is to be served consecutively to any other term of imprisonment for any criminal conduct that is the basis of the revocation." *Id.* at Part B, Introductory Commentary. A parole revocation proceeding is a purely administrative action designed to determine whether a parolee has violated the conditions of his parole, not a proceeding designed to punish a criminal defendant for violation of a criminal law. *United States v. Hanahan,* 798 F.2d 187, 189 (7th Cir.1986). *See also Bible v. State of Arizona,* 449 F.2d 111, 112 (9th Cir.1971) ("An allegation that a sentence was imposed upon revocation of probation for one offense together with an allegation that a sentence was imposed for

2

a separate offense does not constitute a claim of two sentences for the same charge or double jeopardy.").

The Supreme Court's resolution of the claim at issue in *Dixon* does not alter our determination that revocation of probation for commission of a subsequent criminal offense does not constitute punishment for that criminal offense for purposes of double jeopardy;  rather, revocation of probation constitutes a modification of the terms of the original sentence and implicates solely the punishment initially imposed for the offense conduct underlying that sentence. It is critical to note that, at the time he was adjudicated guilty with respect to the criminal contempt charge, the defendant in *Dixon* had been convicted of no other offense.  Indeed, a prosecution and conviction for criminal contempt is punishment for the conduct constituting contempt of court, not for any underlying crime. *See United States v. Soto-Olivas,* 44 F.3d 788, 792 (9th Cir.), *cert. denied,* 515 U.S. 1127, 115 S.Ct. 2289, 132 L.Ed.2d 290 (1995).  In *Dixon,* there was no underlying crime to punish.  In the instant case, because Woods' commission of a criminal offense constituted a violation of the terms of his probation, it consequently provided grounds for the revocation of his probation.  The punishment imposed in the form of probation revocation, however, was part of his original sentence and thus constituted punishment for the crime underlying that sentence.  Contrary to Woods' suggestion, subsequent prosecution for the criminal conduct committed while on probation constitutes prosecution for an entirely new offense and is not precluded by the Double Jeopardy Clause.

We note that every other circuit to have addressed this precise claim in the context of *Dixon* has reached the same result reached by our court today. *See, e.g., United States v. Wyatt,* 102 F.3d 241, 245 (7th Cir.1996) ("Because revocation of supervised release[1] amounts only to a modification of the terms of the defendant's original sentence, and does not constitute punishment for the

---

[1]For purposes of our analysis within the framework of the Double Jeopardy Clause, there is no substantive distinction between revocation of probation and supervised release. *See* U.S.S.G. Ch. 7, Pt. B, intro. comment.  ("[V]iolations of the conditions of probation and supervised release [are] functionally equivalent.").

revocation-triggering offense, the Double Jeopardy Clause is not violated by a subsequent prosecution for that offense."), *cert. denied,* --- U.S. ----, 117 S.Ct. 1325, 137 L.Ed.2d 486 (1997); *United States v. Woodrup,* 86 F.3d 359, 363 (4th Cir.) ("Double Jeopardy Clause does not prohibit the government from criminally prosecuting and punishing an offense which has formed the basis for revocation of a term of supervised release."), *cert. denied,* --- U.S. ----, 117 S.Ct. 332, 136 L.Ed.2d 245 (1996); *United States v. Soto-Olivas,* 44 F.3d at 791 ("[P]unishment imposed upon revocation of supervised release is punishment for the original crime, not punishment for the conduct leading to revocation."). We similarly conclude that revocation of probation constitutes part of a defendant's original sentence and does not preclude subsequent prosecution for the criminal conduct that gave rise to the probation revocation. Accordingly, Woods' conviction for robbery does not violate the Double Jeopardy Clause.

We conclude briefly that the district court did not clearly err in enhancing Woods' sentence under U.S.S.G. 2B3.1(b)(2)(E) for brandishing, displaying, or possessing a dangerous weapon. The government concedes that conclusive proof of a gun was never produced before the court, but notes that the victim reported having an object placed in her side during the robbery and perceiving that object to be a weapon. In objecting to the recommended sentence enhancement in the Presentence Report, Woods did not deny the victim's account but argued that because the weapon was neither seen nor identified, it could not be classified as a dangerous weapon.

The Sentencing Guidelines direct that we are to treat objects that "appeared" to be dangerous weapons as such if they were brandished, displayed, or possessed. *Id.,* comment. (n. 2). We previously have observed that "insofar as dangerous weapons are concerned, appearances count as well as reality." *United States v. Koonce,* 991 F.2d 693, 697 (11th Cir.1993). We further have reasoned that possession of what appears to be a gun during a robbery can play an integral part in the commission of the crime and evidences, in the mind of the victim, an ability to use a weapon. *United States v. Shores,* 966 F.2d 1383, 1387 (11th Cir.1992). We conclude with respect to the facts of this case that the court acted within its discretionary authority in applying the applicable sentence

4

enhancement based on the victim's perception that a gun was possessed during the commission of the robbery.

We AFFIRM.