[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 15, 2007
THOMAS K. KAHN
CLERK

No. 06-15177
Non-Argument Calendar
_____

D. C. Docket No. 94-00167-CR-J-16-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEROY THOMAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 15, 2007)**

Before BIRCH, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Leroy Thomas appeals a 24-month sentence imposed upon the revocation of

his supervised release. He challenges the sentence as unreasonable, under United

States v. Booker, 543 U.S. 220 (2005), arguing his violation was not particularly

severe and he had already served five years in state prison for the offense conduct that constituted the violation. After careful review, we affirm.

After <u>Booker</u>, we review a sentence imposed for a violation of supervised release for reasonableness. <u>United States v. Sweeting</u>, 437 F.3d 1105, 1106-07 (11th Cir. 2006). Pursuant to 18 U.S.C. § 3583(e),

> a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of supervised release and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a). Section 3553(a) provides that district courts imposing a sentence must first consider, <u>inter alia</u>, (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; and (4) the kinds of sentences and sentencing range established by the Guidelines, and in the case of a violation of supervised release, the applicable Guidelines or policy statements issued by the Sentencing Commission. <u>See</u> 18 U.S.C. § 3553(a).

<u>Id.</u> Moreover, we have held that revocation of probation is part of a defendant's original sentence because "revocation of probation constitutes a modification of the terms of the original sentence and implicates solely the punishment initially imposed for the offense conduct underlying that sentence." <u>United States v. Woods</u>, 127 F.3d 990, 992-93 (11th Cir. 1997).

Here, the district court explicitly considered Thomas's history and characteristics in addition to stating that it had considered all of the § 3553(a)

factors. At the revocation hearing, Thomas presented the following arguments in support of mitigation: (1) he was 58 years old and had learned his lesson and no longer was tempted to commit crimes; (2) for almost two years he had no problems with his supervised release; (3) the burglary he committed, which violated the terms of his supervised release, merely involved the attempt to steal scrap metal from a former employer; (4) as a result of this crime, a state court sentenced him to five years' imprisonment based on his status as a habitual felony offender, and he served the complete sentence; and (5) he had done well during the last two and one-half months, while he had been released on bond. In addition, Thomas offered letters from his supervisor and a coworker, who both indicated that Thomas was a dependable, respectful, hard worker.

After hearing the foregoing argument and considering Thomas's letters in support of mitigation, the district court sentenced Thomas within the advisory Guidelines range, noting the severity of Thomas's prior criminal conduct and finding that Thomas was a danger to society. The court stated that it had considered all of the § 3553(a) factors and found that the within-Guidelines sentence was "absolutely necessary."

On this record, Thomas has not shown that the sentence imposed was unreasonable. We are unpersuaded by Thomas's argument that the sentence failed

to account for the fact that he had already served five years in state prison for the offense conduct constituting the violation of his supervised release. This factor does not render the sentence unreasonable. The sentence was not imposed as punishment for Thomas's state crime, but rather because he violated the conditions of his supervised release. See Woods, 127 F.3d at 992-93. We affirm Thomas's sentence because the district court did, in fact, consider the advisory Guidelines range, as well as the § 3553(a) factors, and imposed a reasonable sentence.

**AFFIRMED.**