[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 1, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11673
Non-Argument Calendar

_____

D. C. Docket No. 06-00215-CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARVIN DEMARQUAY MOORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(October 1, 2007)**

Before DUBINA, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Marvin Demarquay Moore plead guilty to bank robbery, in violation of 18

U.S.C. § 2113(a). He appeals his 60-month sentence imposed by the district court. Moore argues that the district court erred by imposing a three-level enhancement of his sentence, for possession of a dangerous weapon during the robbery, pursuant to U.S.S.G. § 2B3.1(b)(2)(E). Specifically, Moore claims that the enhancement should not apply because he did not actually possess a weapon or an object simulating a weapon.

We review the district court's findings of fact for clear error, but review its application and interpretation of the Sentencing Guidelines *de novo*. *United States v. Lozano*, 490 F.3d 1317, 1321 (11th Cir. 2007) (citing *United States v. Crawford,* 407 F.3d 1174, 1177-78 (11th Cir. 2005)).

Section 2B3.1(b)(2)(E) of the Guidelines provides for a three-level enhancement "if a dangerous weapon was brandished or possessed" during a robbery. U.S.S.G. § 2B3.1(b)(2)(E). We have held this section applies to the possession of a toy gun, even though that gun was never used or displayed. *United States v. Shores*, 966 F.2d 1383, 1387-88 (11th Cir. 1993) (per curiam). Similarly, we have found the section applicable when a "robber uses a finger or some other hard object to cause the victim to believe that it is a dangerous weapon," even if the victim never actually sees the object. *United States v. Vincent*, 121 F.3d 1451, 1455 (11th Cir. 1997); *see United States v. Woods*, 127 F.3d 990, 993 (11th Cir.

1997) (per curiam). In our most recent case analyzing this section, we determined that "the critical factor for the application of § 2B3.1(b)(2)(E) is whether the defendant intended the *appearance* of a dangerous weapon." *United States v. Bates*, 213 F.3d 1336, 1338 (11th Cir. 2000) (citing *Woods*, 127 F.3d at 993). *Bates* upheld a district court's enhancement under this section where an unarmed defendant simulated the possession of a dangerous weapon by reaching into his pants waist band during a bank robbery. *Id.* at 1336-39.

In this case, Moore argues that his sentence should not have been enhanced under U.S.S.G. § 2B3.1(b)(2)(E) because he did not possess a dangerous weapon or an object that resembled a dangerous weapon. This argument is foreclosed by our decision in *Bates*, where we upheld an enhancement under this section when the defendant did not possess any object at all. *Id.* at 1338-39. It was sufficient that the defendant in *Bates* reached into his waist band, thus creating the appearance that he possessed a dangerous weapon. *Id.*

The issue before us then is whether Moore acted in a manner to create the appearance that he possessed a dangerous weapon. We relied in *Bates* on the subjective perception of the victim teller in making this determination. *Id.* at 1339 ("Because Bates's hand simulated possession of what *appeared* to be a dangerous weapon, and the victim teller perceived Bates to possess a dangerous weapon, we

3

affirm the district court's imposition of the three-level enhancement pursuant to § 2B3.1(b)(2)(E)."). The victim teller in the instant case, Kimberly Ann Gollotte, testified that she believed that Moore possessed a dangerous weapon based on the demand note, which read "Give me the money or else," and the fact that Moore repeatedly reached his hands down his pants. This case is thus legally and factually indistinguishable from *Bates*. Therefore, the district court properly applied the three-level enhancement to Moore's sentence under U.S.S.G. § 2B3.1(b)(2)(E). Accordingly, we affirm.

**AFFIRMED.**