[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15118
Non-Argument Calendar
_____

D.C. Docket No. 1:10-tp-20196-DPG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN MICHAEL GAROFALO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 31, 2016)

Before WILLIAM PRYOR, JULIE CARNES, and FAY, Circuit Judges.

PER CURIAM:

Defendant John Garofalo appeals his 24-month sentence, imposed following the revocation of his supervised release.  On appeal, Defendant argues that the sentence is substantively unreasonable.  After careful review, we affirm.

## I.  DISCUSSION

In 2007, Defendant pled guilty in the United States District Court for the District of Maine to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  He was sentenced to 37 months' imprisonment, followed by 3 years of supervised release.  Upon his release from custody, Defendant began his term of supervised release in August 2010.  Shortly thereafter, jurisdiction over his term of supervised release was transferred to the Southern District of Florida.

Before Defendant's term of supervised release expired, the probation officer petitioned the district court for a warrant or summons for Defendant for violating the conditions of his supervised release.  The petition alleged that Defendant had committed multiple supervised release violations, including, in relevant part, possession of a controlled substance (Suboxone), possession of marijuana, possession of paraphernalia, false imprisonment, aggravated assault, domestic battery by strangulation, and battery (domestic violence).  A federal warrant was issued for Defendant's arrest in August 2013, but it was not executed until September 2015.

2

In the meantime, in May 2014, Defendant was adjudicated guilty in Florida state court of possession of buprenorphine, possession of 20 grams or less of cannabis, and use or possession of drug paraphernalia, for which he received a total sentence of 30 months' imprisonment with 292 days of credit for time served. The same day, Defendant was also adjudicated guilty of false imprisonment, aggravated assault with a deadly weapon, battery by strangulation, and battery. He received a total sentence of 30 months' imprisonment with 292 days of credit for time served, to run concurrently with his other Florida state sentences. After the Florida Department of Corrections released Defendant in September 2015, federal authorities executed the felony warrant for his arrest on the present supervised release violations.

At the revocation hearing, Defendant admitted to committing the aforementioned violations of supervised release. The district court calculated Defendant's guideline range as 24 to 30 months' imprisonment, based on a Grade A violation and a criminal history category of IV. However, the statutory maximum was 24 months' imprisonment. Defendant requested a sentence of time served because he had completed his state sentence for the conduct referenced in the violations. After considering the parties' arguments, the district court revoked Defendant's supervised release and sentenced him to 24 months' imprisonment. This appeal followed.

## II. DISCUSSION

Using a two-step process, we review the reasonableness of a district court's sentence for abuse of discretion. *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014). We first look to whether the district court committed any significant procedural error. *Id.* Then, we examine whether the sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors[1] and the totality of the circumstances. *Id.*

Defendant has not met his burden of showing that his 24-month sentence is substantively unreasonable. *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008) (explaining that the party challenging the sentence bears the burden of showing that it is unreasonable). As noted by the district court, Defendant's underlying conduct was particularly serious. Indeed, Defendant forced himself into his estranged wife's home and battered and threatened to kill her. The 24-month sentence also took into account Defendant's failure to meet the requirements of his supervised release, his prior criminal history, and the number and seriousness of his supervised release violations. Moreover, the district court

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed education or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

4

imposed the statutory maximum sentence.  *See United States v. Eldick*, 443 F.3d 783, 790 (11th Cir 2006) (concluding that consecutive sentences at the statutory maximum on each count were reasonable given the seriousness of the defendant's offenses).

Defendant asserts that the district court gave insufficient weight to two mitigating circumstances, namely, that Defendant only had one month left of his supervised release when he committed the present violations, and he had already completed the 30-month state sentence for the offenses.  However, the record shows that the district court listened to Defendant's mitigation arguments, but ultimately concluded that a 24-month sentence was sufficient but not greater than necessary to accomplish the goals of sentencing.  The fact that the district court weighed other factors more heavily, including Defendant's personal history and characteristics and the need for deterrence, was entirely within its discretion.  *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) ("The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." (quotations omitted)).

Finally, the fact that Defendant had already completed his state sentence does not render his sentence unreasonable.  Defendant's 24-month sentence was imposed for violating the terms of his supervised release, not as punishment for the commission of his state crimes.  *See United States v. Woods*, 127 F.3d 990, 992

(11th Cir. 1997) ("[R]evocation of probation constitutes part of a defendant's original sentence and does not preclude subsequent prosecution for the criminal conduct that gave rise to the probation revocation.").  In short, we are not "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (quotation omitted).

For the reasons stated above, Defendant's sentence is **AFFIRMED**.