[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10846
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-20810-KMM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEAN DENIS PAUL,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 8, 2020)

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR and GRANT, Circuit
Judges.

PER CURIAM:

Jean Denis Paul appeals his convictions and 120-month total sentence for possession of a firearm by a convicted felon and possession with intent to distribute marijuana.  He argues that his felon-in-possession conviction is invalid under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), because his indictment, the government's proof at trial, the district court's jury instructions, and the jury verdict all omitted an essential element of the crime—that Paul knew of his status as a convicted felon prohibited from possessing a firearm.  He further argues that because he had already been sentenced to 24 months in prison following the revocation of his supervised release for the same conduct, his convictions violated the Double Jeopardy Clause and his sentences exceeded the maximum provided by statute for the offenses.  After a careful review of the record and the parties' briefs, we affirm.

I.

In 2014, Paul pleaded guilty to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g).  The district court sentenced him to 41 months' imprisonment followed by three years of supervised release.  In 2018, after he completed his sentence of imprisonment but while still serving his term of supervised release, Paul was arrested for (among other things) the offenses at issue here:  possession of a firearm by a convicted felon and possession with intent to distribute marijuana.  The district court held a supervised release revocation

2

hearing and determined that Paul had violated the terms of his supervised release in a number of ways, including by committing the new offenses.  The court therefore revoked his supervised release and sentenced him to 24 months in prison followed by an additional term of supervised release.

A few months after the supervised release revocation, a federal grand jury considered evidence of the same criminal conduct forming the basis for the revocation of Paul's supervised release and returned a three-count indictment charging him with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 1); possession with intent to distribute a controlled substance (marijuana), in violation of 21 U.S.C. § 841(a)(1) (Count 2); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 3).  As to Count 1, the indictment charged that Paul, "having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm and ammunition in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1)."

Paul pleaded not guilty and proceeded to trial.  During trial, the government entered into evidence a stipulation between the parties stating that Paul had been convicted of a felony in 2015, three years before the charged offense.  A copy of

3

Paul's 2015 Florida judgment of conviction for possession of a firearm as a convicted felon was attached to the stipulation.

After the close of evidence, the district court instructed the jury on the elements of the crimes charged. The court instructed the jury that to find Paul guilty on the felon-in-possession charge, it had to find beyond a reasonable doubt that "[f]irst, the defendant knowingly possessed a firearm or ammunition, in or affecting interstate or foreign commerce; and two, before possessing the firearm or ammunition, the defendant had been convicted of a felony, a crime punishable by imprisonment for more than one year." The jury found Paul guilty on Counts 1 and 2 but acquitted him on Count 3.

The district court imposed the statutory maximum sentence of imprisonment on each count: 120 months on Count 1 and 60 months on Count 2, to be served concurrently with each other and consecutively with the remainder of Paul's 24-month sentence on the revocation of his supervised release. *See* 18 U.S.C. § 924(a)(2); 21 U.S.C. § 841(b)(1)(D). Paul now appeals.

## II.

In his first three enumerations of error, Paul challenges his conviction for possession of a firearm as a convicted felon, arguing that his indictment was fatally flawed because it did not charge him with knowledge of his status as a felon who was prohibited from possessing a firearm under § 922(g)(1), and that

4

the district court erred by failing to require the government to prove that he knew his status and by omitting the knowledge requirement as an element of the crime in its instruction to the jury.  Ordinarily, we review de novo whether there is sufficient evidence to support a conviction, whether the district court misstated the law in its jury instruction, and whether an indictment is sufficient.  *United States v. Baston*, 818 F.3d 651, 660 (11th Cir. 2016); *United States v. Joseph*, 709 F.3d 1082, 1093 (11th Cir. 2013); *United States v. Steele*, 178 F.3d 1230, 1233 (11th Cir. 1999).  Because Paul raises these challenges for the first time on appeal, however—and because, as we have recently explained, the failure to allege knowledge of felon status in the indictment is a nonjurisdictional issue—we review for plain error.[1]  *United States v. Moore*, 954 F.3d 1322, 1332, 1336–37 (11th Cir. 2020); *see United States v. Reed*, 941 F.3d 1018, 1020 (11th Cir. 2019).

To meet the plain-error standard for reversal, an appellant must show that an error occurred that was plain and that affected his substantial rights.  *Reed*, 941 F.3d at 1021.  And for us to conclude that an error affected his substantial rights, he must show a reasonable probability that, but for the error, the outcome of the

---

[1] Although Paul did make a sufficiency of the evidence challenge below, he "failed to raise the specific challenge to the sufficiency of the evidence that he now raises on appeal." *United States v. Baston*, 818 F.3d 651, 663 (11th Cir. 2016).  At trial, he challenged the sufficiency of the evidence as it relates to the possession element of the crime—not to his knowledge of his status as a convicted felon.  "When a defendant raises specific challenges to the sufficiency of the evidence in the district court, but not the specific challenge he tries to raise on appeal, we review his argument for plain error." *Id.* at 664.

proceeding would have been different.  *Molina-Martinez v. United States*, 136 S.

Ct. 1338, 1343 (2016).  "If he does so, we may, in our discretion, correct the plain

error if it seriously affects the fairness, integrity, or public reputation of judicial

proceedings."  *Reed*, 941 F.3d at 1021 (alterations adopted and internal quotation

marks omitted).  We may consult the whole record when considering the effect of

an error on a defendant's substantial rights.  *Id*.

Section 922(g)(1) prohibits the possession of firearms or ammunition by any

person who has been convicted of a crime punishable by imprisonment for more

than one year.  A defendant who "knowingly" violates § 922(g) is subject to up to

ten years' imprisonment.  *Id.* § 924(a)(2).  "In a prosecution under 18 U.S.C.

§ 922(g) and § 924(a)(2), the Government must prove both that the defendant

knew he possessed a firearm and that he knew he belonged to the relevant category

of persons barred from possessing a firearm."  *Rehaif*, 139 S. Ct. at 2200.  The jury

may infer a defendant's knowledge of his status from circumstantial evidence.  *See*

*id*. at 2198 (citing *Staples v. United States*, 511 U.S. 600, 615 n.11 (1994)); *United*

*States v. Bates*, 960 F.3d 1278, 1296 (11th Cir. 2020).

We agree that Paul's indictment was defective under *Rehaif* because it failed

to charge that Paul "knew he belonged to the relevant category of persons barred

from possessing a firearm"—here, convicted felons.  *Rehaif*, 139 S. Ct. at 2200;

*see Moore*, 954 F.3d at 1332–33, 1337.  But that defect was not a jurisdictional

one.  *See Moore*, 954 F.3d at 1332–33, 1337; *see also United States v. Cotton*, 535 U.S. 625, 630 (2002) (defects in an indictment do not deprive a court of its power to adjudicate a case).  Paul's argument that his indictment failed to charge a federal crime in Count 1 because it omitted the knowledge-of-status requirement is foreclosed by our decision in *Moore*.  In that case, we held that an indictment that—like Paul's—cited to and tracked the language from 18 U.S.C. § 922(g)(1) was sufficient to charge the federal crime of possession of a firearm by a convicted felon, and that the failure to allege that the defendant knew of his status as a convicted felon did not deprive the district court of jurisdiction.  *Moore*, 954 F.3d at 1332–33, 1337.

And while we recognize in hindsight that the failure to require the government to prove that Paul knew that he was a convicted felon and the omission of the knowledge element from the indictment, the jury charge, and the verdict all constituted error under *Rehaif*, Paul cannot meet the plain-error standard for reversal because he cannot show any reasonable probability that the outcome of his trial would have been different if the errors had not occurred.  *See Reed*, 941 F.3d at 1021.  The record leaves no doubt that Paul knew of his status as a convicted felon.[2]  Paul stipulated to the fact that he had been convicted of a

---

[2] Paul's argument that *Rehaif* also requires proof that he knew the law—that is, that he knew that, as a felon, he was prohibited from possessing a firearm—is not well taken.  *Rehaif* did not alter the longstanding principle that where "a defendant has the requisite mental state in respect

7

crime punishable by a term of imprisonment in excess of one year.  The judgment of conviction for the prior felony—a copy of which was entered into evidence at trial—showed that Paul had pleaded guilty in 2015 to the state crime of possession of a firearm by a convicted felon.  Because Paul admitted to being a convicted felon in connection with that plea, there is no reasonable argument that he was unaware of his felony status in 2018 when he committed the instant offense.  And because the record establishes that Paul knew that he was a felon and that the government presented sufficient evidence from which the jury could infer such knowledge, "he cannot prove that the errors affected his substantial rights or the fairness, integrity, or public reputation of his trial."  *Id.* at 1022.

### III.

Paul also raises two claims related to the revocation of his supervised release based in part on the same criminal offenses at issue here.  First, he argues that his prosecution in this case was barred by the Double Jeopardy Clause because he had already been punished for the same conduct when the district court revoked his supervised release and imposed a 24-month sentence.  And second, he contends that the two-year sentence imposed upon the revocation of his supervised release ought to count toward the statutory maximum sentences for the offenses

---

to the elements of the crime but claims to be 'unaware of the existence of a statute proscribing his conduct,'" such "'ignorance of the law' (or a 'mistake of the law') is no excuse."  *Rehaif*, 139 S. Ct. at 2198 (citations omitted).

prosecuted here—ten years for possession of a firearm as a convicted felon and five years for possession with intent to distribute marijuana—so that when the district court sentenced him to ten years for his firearm offense and five years for his drug offense, his total sentences for those offenses exceeded the applicable statutory maximums.

## A.

We generally review claims of double jeopardy de novo, but when the issue was not properly raised in the district court, we review for plain error only. *United States v. Campo*, 840 F.3d 1249, 1267 (11th Cir. 2016). The government contends that Paul failed to preserve his double-jeopardy claim because although Paul raised the issue himself (during his allocution at sentencing), his appointed counsel did not. *See United States v. LaChance*, 817 F.2d 1491, 1498 (11th Cir. 1987) ("the right to counsel and the right to proceed pro se exist in the alternative," not simultaneously); *see also* S.D. Fla. L.R. 11(d)(4) ("Whenever a party has appeared by attorney, the party cannot thereafter appear or act on the party's own behalf" absent an order of substitution from the court.). We need not decide whether Paul's statements on his own behalf preserved the issue for appeal, however, because his double-jeopardy claim fails under either standard.

The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend.

V.  "This protection applies both to successive punishments and to successive prosecutions for the same offense."  *United States v. Woods*, 127 F.3d 990, 991 (11th Cir. 1997).

Punishment imposed upon the revocation of supervised release is a modification of the sentence imposed for the original offense; it is not punishment for the conduct that violated the terms of supervised release.  *See Johnson v. United States*, 529 U.S. 694, 700 (2000); *see also Woods*, 127 F.3d at 992 & n.1 (discussing the revocation of probation and noting that "within the framework of the Double Jeopardy Clause, there is no substantive distinction between revocation of probation and supervised release").  There is no violation of the Double Jeopardy Clause, therefore, when a defendant is prosecuted and punished for criminal offenses that also led to the revocation of a term of supervised release imposed for an earlier, separate offense.  *See Johnson*, 529 U.S. at 700; *Woods*, 127 F.3d at 992.  Because Paul's earlier 24-month sentence was attributable to the offense for which supervised release was imposed—the 2014 firearm offense— Paul's prosecution and sentencing for the 2018 drug and firearm offenses were not barred by the Double Jeopardy Clause.

B.

For similar reasons, we reject Paul's contention that his sentences exceeded the relevant statutory maximums.[3] The sentence of imprisonment imposed following the revocation of supervised release constituted a modification of the sentence for Paul's 2014 firearm offense, not punishment for the conduct that violated the terms of his supervised release. *See Johnson*, 529 U.S. at 700; *Woods*, 127 F.3d at 992. Accordingly, when the district court sentenced him for the 2018 offenses, Paul had not yet been punished for those crimes, and the sentences imposed were within (albeit at the upper limit of) the ranges provided by the applicable statutes. *See* 18 U.S.C. § 924(a)(2); 21 U.S.C. § 841(b)(1)(D).

IV.

For the foregoing reasons, the *Rehaif* errors in Paul's indictment and trial do not warrant reversal of his § 922(g)(1) conviction under the plain-error standard, and his sentences did not violate the Double Jeopardy clause or exceed the applicable statutory maximums. Accordingly, we affirm.

**AFFIRMED.**

---

[3] Because Paul failed to object to his sentences on this ground in the district court, our review is for plain error only. *See United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005).

11