[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12471

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FERRELL WALKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 7:07-cr-00030-HL-TQL-1

_____

Before LUCK, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Ferrell Walker appeals his sentence of imprisonment for violating conditions of his supervised release. He argues that the district court violated his right against double jeopardy because the conduct that formed the basis of the sentence also formed the basis of a separate prosecution. He argues in the alternative that the sentence is unreasonable. Because the first argument is foreclosed by precedent and the second is unsupported by the record, we affirm.

I.

In 2007, Walker pleaded guilty to one count of possessing child pornography. During the term of supervised release included in his sentence, the government searched his home and discovered a cell phone containing more than one thousand images of child pornography, a photograph of his driver's license, a nude photograph that he had taken of himself, and a sexually explicit messaging thread with photographs of Walker's face and unidentified male genitalia. Upon finding that Walker violated conditions of his supervised release by possessing these materials, the district court revoked his supervised release and sentenced him to sixty months' imprisonment, the statutory minimum under section 3583(k), followed by twenty-five years' supervised release. In a separate criminal action, Walker was convicted of possessing child pornography and was sentenced to 168 months' imprisonment and a lifetime

term of supervised release to be served consecutively and concurrently with his revocation sentence, respectively.

Walker appealed both sentences. After consolidating the cases, we affirmed his sentence for possession but remanded his revocation sentence on ex post facto grounds because the sixty-month mandatory minimum provision of section 3583(k) was not in effect when Walker was sentenced in 2007. On remand, the district court resentenced Walker under section 3583(e)(3)—the statute in effect in 2007—to the statutory maximum sentence of twenty-four months' imprisonment followed by twenty-five years' supervised release.

Walker appeals the district court's revocation sentence. First, he argues that, under *Haymond*,[1] the district court violated the Double Jeopardy Clause by basing his revocation sentence on the same set of facts used in his prosecution for possessing child pornography. Second, he argues that his statutory maximum sentence is substantively unreasonable.

## II.

We review "claims of double jeopardy de novo." *United States v. Campo*, 840 F.3d 1249, 1267 (11th Cir. 2016) (emphasis omitted). The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy

---

[1] *United States v. Haymond*, 139 S. Ct. 2369 (2019).

of life or limb." U.S. Const. amend. V. "This guarantees against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense." *United States v. Bobb*, 577 F.3d 1366, 1371 (11th Cir. 2009).

Walker argues that his sentences were based on "the same conduct" and thus "he was twice placed in jeopardy and twice punished for the same offense . . . in violation of the Fifth Amendment." He bases this argument on the proposition that "[t]he facts in *Haymond* are almost identical to the facts presented in [this] case."

However "identical" the facts of these cases may be, the corresponding law is dissimilar. *Haymond* dealt only with section 3583(k), under which Walker originally was sentenced for violating the conditions of his supervised release. *See* 139 S. Ct. at 2386 (Breyer, J., concurring). But *Haymond* did not disturb our precedent that a sentence for violating supervised release under section 3583(e)(3), under which Walker was resentenced, doesn't violate the Double Jeopardy Clause because it isn't a successive punishment for the same offense but rather is a part of the penalty for the initial offense. *See Johnson v. United States*, 529 U.S. 694, 700 (2000); *United States v. Woods*, 127 F.3d 990, 992–93 (11th Cir. 1997). *Haymond* has no bearing on this case. *See* 139 S. Ct. at 2383 (plurality opinion) ("As we have emphasized, our decision is limited to [section] 3583(k) . . . and the *Alleyne* problem raised by its [five]-year mandatory minimum term of imprisonment.").

### III.

We review a "sentence imposed upon the revocation of supervised release for reasonableness." *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008). To this end, we must ensure that the district court didn't commit a "significant procedural error," *Gall v. United States*, 552 U.S. 38, 51 (2007), "fail[] to afford consideration to relevant factors that were due significant weight, give[] significant weight to an improper or irrelevant factor, or commit[] a clear error of judgment in considering the proper factors," *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (cleaned up).

"On appeal, [Walker] bears the burden to show that his sentence is unreasonable." *United States v. Carpenter*, 803 F.3d 1224, 1232 (11th Cir. 2015). "Given the broad sentencing discretion that district courts have," *United States v. Rosales-Bruno*, 789 F.3d 1249, 1261 (11th Cir. 2015), we do not overturn a sentencing decision unless we are "left with the definite and firm conviction that the district court committed a clear error of judgment . . . by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case," *Irey*, 612 F.3d at 1190 (internal quotation omitted).

Walker hasn't carried his burden to show such "clear error of judgment." He doesn't argue that the district court committed any procedural error. Instead, he argues only that "the applicable [guidelines] range of imprisonment is [four] to [ten] months."

But the record lacks any indication that the district court failed to treat the guidelines as advisory, selected a sentence based on clearly erroneous facts, or failed to explain the chosen sentence adequately. The district court articulated the section 3553(a) factors used to support its sentence, including the need "to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the violation offenses, and to protect the public from further crimes of" Walker. It noted that Walker was "intentionally deceptive" about his "possession and use of internet[-]capable devices which allowed [him] to commit further crimes of possession of child pornography." It heard the parties' arguments at length and explicitly stated that it considered the advisory guidelines range and the totality of the circumstances. The record therefore shows that the district court "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." *United States v. Livesay*, 525 F.3d 1081, 1090 (11th Cir. 2008) (internal quotation omitted).

As to supervised release, for a defendant convicted for possessing child pornography, such as Walker, a district court may impose "any term of years or life" under section 3583(k).[2] Walker's twenty-five-year term of supervised release, which is well below

---

[2] Unlike the sixty-month mandatory minimum, this provision was in effect in 2007 and was unaffected by *Haymond*. *See* 139 S. Ct. at 2379 n.4 ("Because we hold that this mandatory minimum rendered Mr. Haymond's sentence unconstitutional . . . we need not address the constitutionality of the statute's effect on his maximum sentence under *Apprendi*." (citations omitted)).

this statutory maximum, is reasonable for all the reasons the district court gave under section 3553(a). *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

## CONCLUSION

Binding precedent forecloses Walker's argument that his revocation sentence violated his right against double jeopardy, and the record does not support his argument that it is unreasonable. Thus, we affirm the sentence.

**AFFIRMED.**