[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10154

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

HARRISON BARRUS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:18-cr-60255-RNS-1

_____

Before JORDAN, LAGOA, and MARCUS, Circuit Judges.

PER CURIAM:

Harrison Barrus, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion to modify the conditions of his supervised release, brought pursuant to 18 U.S.C. § 3583(e)(2), in which he sought to modify his supervised release conditions to "no conditions." He argues that the imposition, or potential revocation, of supervised release violates the Double Jeopardy Clause because those actions constitute a second prosecution or punishment. After careful review, we affirm.

We review the denial of a motion for modification of supervised release for abuse of discretion. *United States v. Cordero*, 7 F.4th 1058, 1070 (11th Cir. 2021). Under the abuse-of-discretion standard, we will reverse only if it we have a "definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached." *United States v. Moran*, 573 F.3d 1132, 1137 (11th Cir. 2009) (quotations and brackets omitted). "A district court by definition abuses its discretion when it makes an error of law." *Koon v. United States*, 518 U.S. 81, 100 (1996).

The Fifth Amendment's Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. "This guarantees against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same

offense." *United States v. Bobb*, 577 F.3d 1366, 1371 (11th Cir. 2009). The Double Jeopardy Clause does not preclude punishment imposed on revocation of supervised release, however, since it constitutes a modification of the original sentence. *See United States v. Woods*, 127 F.3d 990, 992–93 (11th Cir. 1997) (examining a Double Jeopardy challenge in the context of a revocation of probation while citing cases about revoking supervised release because the two procedures are essentially the same); *Johnson v. United States*, 529 U.S. 694, 700 (2000) ("Treating postrevocation sanctions as part of the penalty for the initial offense . . . avoids [Double Jeopardy] difficulties.").

Moreover, supervised release is a form of punishment that "Congress prescribes along with a term of imprisonment as part of the same sentence." *Mont v. United States*, 139 S. Ct. 1826, 1834 (2019) (citing 18 U.S.C. § 3583). Under § 3583(a), a district court "may include as a part of *the* sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." *United States v. Hamilton*, 66 F.4th 1267, 1275 (11th Cir. 2023).

We recently joined the Second, Fifth, and Ninth Circuits and held that 18 U.S.C. § 3583(e)(2) was "not a vehicle to collaterally attack the legality of a defendant's sentence." *Cordero*, 7 F.4th at 1070. Rather, "§ 3582(e) sets forth factors a court should consider in determining whether to modify or terminate a condition of supervised release and illegality or constitutionality is not one of them." *Id.* We held that arguments concerning the legality and

the constitutionality of a defendant's sentence were "reserved properly for direct appeal or a 28 U.S.C. § 2255 motion to vacate sentence." *Id.*

In *United States v. Haymond*, 139 S. Ct. 2369 (2019), a plurality of the Supreme Court held that application of § 3583(k)'s mandatory five-year term of imprisonment, based on judicial fact finding, violated the defendant's jury trial rights because the revocation sentence imposed resulted in a total sentence that exceeded the statutory maximum. *Id.* at 2383–84. Thus, it struck down 18 U.S.C. § 3583(k), which required a district court to impose a minimum term of incarceration upon a finding of certain violations of supervised release. *Id.* at 2374. Nevertheless, the plurality clarified that its holding was "limited to § 3583(k)," and that it was not addressing whether § 3583(e) implicated due process concerns. *Id.* at 2383–84. Moreover, it added that "an accused's final sentence includes any supervised release sentence he may receive." *Id.* at 2379. In a concurring opinion, Justice Breyer agreed that § 3583(k) was unconstitutional, but he did not reach the issue of § 3583(e)'s constitutionality. *See id.* at 2386 (Breyer, J., concurring).

Here, the district court did not abuse its discretion nor err in denying Barrus's motion. For starters, because Barrus was challenging the illegality or constitutionality of his supervised release conditions, a § 3583(e)(2) motion was the improper vehicle. *Cordero*, 7 F.4th at 1070. Barrus did not file a direct appeal, nor did he challenge the conditions of his supervised release conditions in

a § 2255 motion. *Id*. As a result, the district court properly denied Barrus's § 3583(e)(2) motion.

But even if Barrus could raise his claim in a § 3583(e)(2) motion, his claim that his supervised release term or conditions violate the Double Jeopardy Clause would fail in any event. Notably, Barrus did not challenge a specific condition of his supervised release; rather, he broadly challenged his supervised release term. Under the caselaw, supervised release -- or the revocation of supervised release -- does not constitute a separate or second punishment. *Mont*, 139 S. Ct. at 1834; *Woods*, 127 F.3d at 992–93. Likewise, *Haymond* confirmed that "an accused's final sentence includes any supervised release sentence he may receive." 139 S. Ct at 2379. Thus, to the extent Barrus bases his Double Jeopardy challenge on receiving "separate" sentences, he is mistaken.

Finally, to the extent that Barrus has challenged the *potential revocation* of his supervised release under the Double Jeopardy Clause, this claim is not ripe for adjudication, and we will not consider it. Under Article III of the Constitution, the federal courts are constrained to decide only "actual cases or controversies," which means we will not adjudicate a claim that is unripe for review. *United States v. Zinn*, 321 F.3d 1084, 1088–89 (11th Cir. 2003). A claim is not ripe for review if it "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (quotations omitted). In *Zinn*, we held that, although a prisoner's

challenge to a particular supervised release condition was generally ripe for review, speculative arguments concerning the implementation of the condition were not. 321 F.3d at 1088–89, 90–92. Similarly here, any arguments Barrus has about any future revocation proceeding is speculative and we will not consider it. Accordingly, we affirm.

**AFFIRMED.**