

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0581-24

## EX PARTE AMARILLYZ ESTEVEZ, Appellant

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

**SCHENCK, P.J., filed a dissenting opinion.**

## O P I N I O N

Appellant was charged with DWI and released by terms of a bond in which she agreed to engage in no conduct that would result in her arrest, nor commit any further crime of any kind. When the trial court determined that she had violated those conditions, Appellant was summoned and again released on bond with a probated sentence of three days in jail should she once again violate her conditions over the next nine months. The questions surrounding the procedure by which she suffered this "punishment" are not before us, as she has brought no appeal or other

challenge to her probated three-day sentence. Instead, she brings this challenge seeking to completely bar the substantive prosecution for her second offense.

Whatever might be said of the fractured holding in *United States v. Dixon*, or our subsequent construction of it, I do not believe that Appellant has carried her burden of showing that the contempt proceeding resulted in an adjudication—at least in any sense captured by the Double Jeopardy Clause—of her second offense or a punishment for the same offense at issue in this proceeding. Because Appellant has not shown that the hearing in her first case necessarily reached and resolved the same merits questions presented in this proceeding (i.e., her guilt in this proceeding), she has not carried her burden under *Blockburger v. United States*. Because the majority holds otherwise, I dissent.

## BACKGROUND

The majority opinion and Judge Finley's dissent describe the basic facts of the case well, so I will only briefly repeat those relevant to our analysis here. On December 3, 2021, Appellant was charged with DWI (the "First DWI") and was released on personal bond with conditions, specifically, that she refrain from engaging in conduct which might result in her arrest, nor commit any other crimes. While she was released on bond for the First DWI, Appellant was arrested and charged with six additional offenses, including a second DWI (the "Second DWI"), which is before us today. On December 13, 2022, the trial court overseeing the

original bond issued a show-cause order and held Appellant in contempt due to violation of her bond conditions by committing a crime and/or engaging in conduct that resulted in her arrest.

On January 12, 2023, Appellant filed a writ of habeas corpus seeking dismissal of the Second DWI, alleging she was already prosecuted and punished for that offense by virtue of the contempt judgment. The trial court thereafter vacated its December 2022 show-cause order and contempt judgment and denied Appellant's writ of habeas corpus. She appealed, and the First Court of Appeals held that the trial court's show-cause order did not sufficiently notify Appellant of when, how, and by what means she was guilty of contempt. Thus, it held the judgment of contempt void, and therefore Appellant was unable show she was put in jeopardy by that judgment. It noted that the trial court had the power and duty to vacate the void order, regardless of whether its plenary power had expired.

In the petition before us, Appellant argues the judgment of contempt barred her prosecution of the Second DWI.

## DISCUSSION

The majority correctly notes that if "Appellant was punished for the second DWI when she was held in contempt, and if the Legislature did not intend to allow multiple punishments for DWI and violating a bond condition by committing DWI," then a risk of double jeopardy violation could occur by permitting prosecution for

the additional DWI to go forward. Maj. Op. at 6. Before reaching the admittedly difficult double jeopardy analysis arising from any claim of successive prosecution or multiple punishments, we must first assume that jeopardy attached in the first instance.[1] While I accept that jeopardy could attach under a reasonable construction of the trial court's intentions here, I would nevertheless conclude that no double jeopardy violation occurred in this instance because the criminal prosecution of the Second DWI relative to the contempt proceeding would not be barred under *Blockburger v. United States*, 284 U.S. 299 (1932).

The burden to prove a double jeopardy violation is on the defendant. *Hill v. State*, 90 S.W.3d 308, 313 (Tex. Crim. App. 2002). The Supreme Court in *United States v. Dixon* held that a subsequent prosecution was barred by double jeopardy where a contempt sanction had been imposed for violating an order through commission of an incorporated offense. *United States v. Dixon*, 509 U.S. 688, 698

---

[1] The majority posits that the contempt order is *criminal* rather than *civil* based on our previous reliance on Texas Supreme Court precedent regarding constructive criminal contempt convictions. *See Ex parte Rhodes*, 974 S.W.2d 735, 740 (Tex. Crim. App. 1998) (citing *Ex parte Chambers*, 898 S.W.2d 257, 259 (Tex. 1995)). As *Chambers* makes clear the distinction between "civil" and "criminal" contempt is not simple and does not depend on the title of the court—civil or criminal—or the nature of the underlying proceeding. Instead, that determination turns on whether the judge's purpose is coercing future compliance or punishing past behavior. *Shillitani v. United States*, 384 U.S. 364, 369–70 (1966); *see United States v. Marquardo*, 149 F.3d 36, 39 (1st Cir. 1998) ("The purpose of *civil* contempt is to coerce compliance with an order of the court . . . *Criminal contempt*, on the other hand, is used to punish disobedience with a judicial order, and thus vindicates the authority of the court."). Here, the judge was dealing with enforcing behavior limits on a bond and imposed minimal consequences that could be seen as intended to secure future conformance. While this form of punishment could be seen as civil contempt, *see United States v. Norris*, 149 F.3d 1173 (5th Cir. 1998), I will assume that criminal contempt was intended.

(1993). In *Dixon*, the Court reviewed the two consolidated cases of Dixon and Foster, who were both convicted of criminal contempt for violating conditions of release. In Dixon's case, the trial judge incorporated the prohibited statutory drug offense into the release order,[2] which the plurality held barred later prosecution of that same drug offense. *Id.* at 697–98. In Foster's case, the plurality concluded, under the same rationale, that his subsequent prosecution for simple assault was barred because the contempt conviction was effectively a lesser included offense of the criminal code provision. *Id.* at 698. The other charges he faced, however, were not jeopardy-barred because those offenses and the contempt conviction each contained separate elements that the other did not. *Id.* at 702.

Even applying the *Dixon* plurality's rationale to this case, the facts are readily distinguishable. The Foster companion case is helpful in illustrating why. There, the Court noted that Foster's subsequent simple assault prosecution was barred because the prosecution necessarily had to prove simple assault as defined by the criminal code in order to secure the contempt conviction, whereas the contempt

---

[2] While *Dixon* also dealt with respondents' criminal contempt convictions, a majority of courts have agreed that, in the context of *Dixon* and probation or supervised release cases, punishment for violation of terms of release are part of an original sentence and constitute punishment for the crime underlying that sentence. *See, e.g., United States v. Woods*, 127 F.3d 990, 992 (11th Cir. 1997) ("[S]ubsequent prosecution for the criminal conduct committed while on probation constitutes prosecution for an entirely new offense and is not precluded by the Double Jeopardy Clause."); *United States v. Jackson*, 952 F.3d 492, 500–01 (4th Cir. 2020) ("[W]hen a defendant is convicted of a new crime while on supervised release, he may receive both a new sentence for the new offense and a revocation sentence.").

conviction did not require proof of any elements of the remaining offenses and accordingly were not jeopardy barred. *Id.* Likewise, in Dixon's controlled substance prosecution, the "court order incorporated the entire governing criminal code," and thus the "'crime' of violating the condition of release could not be abstracted from the 'element' of the violated condition." *Id.* at 698. In this way, Dixon's subsequent prosecution was barred in full, and Foster's was not. This was essential, not coincidental to those results, as my predecessor observed in our later *Rhodes* decision. *Ex parte Rhodes*, 974 S.W.2d 735, 742 (Tex. Crim. App. 1998) (Keller, J., concurring).

Distinguishing Estevez's case from Dixon and Foster's circumstances, the contempt conviction in this case did not require the trial court to adjudicate the merits of the Second DWI. The state was not even obliged to prove beyond a reasonable doubt that Appellant committed the Second DWI as the basis for the contempt conviction. *Cf. Dixon*, 509 U.S. at 690 (contempt prosecution necessarily proved beyond a reasonable doubt offense that was the basis of subsequent prosecution); *Rhodes*, 974 S.W.2d at 741 (elements of contempt conviction constituted a lesser included offense of the penal code provision for the subsequent offense). In this respect, this case is more akin to Foster's. When he violated the court's conditions by engaging in assault, the trial court, by necessity, determined beyond reasonable doubt that he had subsequently done so. However, a host of remaining charges

against Foster were not barred because each contained at least one element that was not necessarily resolved in the contempt proceeding. *Dixon*, 509 U.S. at 702-03.

The state in this case only had to show actions by Appellant that gave rise to her being arrested for any reason while she remained free on bond. It is important to note that the determination of the presence or absence of probable cause to arrest is distinct from guilt or innocence, and a determination as to the absence of probable cause producing the arrest is not preclusive of a subsequent prosecution. *Neaves v. State*, 767 S.W. 2d 784, 787 (1989) (finding of no probable cause does not bar subsequent prosecution on the merits).

Appellant was simply subject to conditions for her release on personal bond for the First DWI that she "shall commit no crime *and* shall not engage in any conduct that *could result* in his/her arrest." (emphasis added). Notwithstanding any risks of an adjudication of guilt for any further prohibited "crime" or "conduct," Appellant was ordered to comply with both of these conditions to remain free on bond pending resolution of the First DWI. Indeed, she signed and acknowledged the court's order that "failure to comply with these conditions may result" in "a separate action against [her] for contempt of court."

The contempt judgment was not necessarily imposed for violating the trial court's order through the commission of any *particular* prohibited offense, i.e., the Second DWI. That specific offense was not incorporated in the order necessitating

proof beyond a reasonable doubt of its commission. Neither was the court compelled even to reach those merits. Engaging in any action giving rise to probable cause was itself sufficient to constitute a violation of the bond conditions. The contempt judgment was thus anchored to (and subject to independent enforcement from) any arrest or behavior likely to lead to it, including *but not limited to* an additional DWI charge, forgery, misprision or any other tomfoolery.

To the extent the majority implies that proof offered by the prosecution of the Second DWI as evidence to sustain the contempt conviction equates to an element of the contempt conviction to support a jeopardy bar, that rationale relies on expired precedent in *Grady* and would still fail under *Blockburger* and *Dixon*. *See Dixon*, 509 U.S. at 703–04.

Put simply, the contempt conviction and punishment (such as it was) required proof only that Appellant either committed some crime or engaged in conduct that resulted in her arrest.[3] By contrast, the Second DWI proceeding will require proof under Texas Penal Code § 49.04 required that there be intoxication and operation of a motor vehicle, and the contempt conviction did not require either of those things. *See Blockburger*, 284 U.S. at 304; *Dixon*, 509 U.S. at 702.

---

[3] Had the bond added a requirement that Appellant engage in no conduct giving rise to "reasonable suspicion" of criminal conduct prompting law enforcement to spend further resources on a stop, we would have yet a third potential basis for the decision. Whether any such conditions are proper is not before us. Rather, we simply must ask what the court necessarily decided.

The United States Supreme Court has regarded as settled law courts' inherent power to punish for contempt, essential to the administration of justice. *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 795 (1987); *Michaelson v. United States ex rel. Chicago, St. P., M., & O.R. Co.*, 266 U.S. 42, 65–66 (1924). "The purpose of contempt is not to punish an offense against the community at large but rather to punish the specific offense of disobeying a court order." *United States v. Dixon*, 509 U.S. 688, 741–42 (1993) (Blackmun, J., concurring). Barring a necessary, complete overlap between the exercise of that power and a subsequent prosecution, *Blockburger* would fail.

Thus, I cannot agree with the majority that Appellant's judgment of contempt for violating the trial court's order violated double jeopardy so as to bar subsequent prosecution of the Second DWI.

I dissent in the Court's judgment.

Filed: June 4, 2025

Publish